UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CUNO OF THE FAMILY HANSEN,<br><br>Plaintiff,<br><br>vs.<br><br>MAX WETZ, THROUGH THE IV-D AGENCY;<br><br>Defendant. | 5:25-CV-05011-ECS<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S DENIAL OF DEFAULT AND GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Plaintiff Cuno of the Family Hansen's ("Hansen") Motion to Set Aside Clerk's Denial of Default, Doc. 7, and Defendant Max Wetz's Motion to Dismiss, Doc. 9.

## I. Background

Hansen's Complaint brings claims under 42 U.S.C. § 1983. Doc. 1. Hansen alleges that Wetz "acted under the color of law" and deprived him of his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. Id. at 8–10. Hansen claims that Wetz, in his position as the Director of the Division of Child Support for the South Dakota Department of Social Services,[1] improperly labeled him as a non-custodial parent and required him to pay child support. Id. Hansen maintains that Wetz, contrary to Hansen's written request, failed to terminate his participation in the IV-D program.[2] Id.; Doc. 1-1 at 2–3. Hansen also contends that Wetz "unlawfully identif[ied] [him] by a Social Security number and legal name." Id. at 5.

---

[1] See Staff and Program Directory, South Dakota Department of Social Services, https://dss.sd.gov/aboutus/aboutus.aspx (last visited June 24, 2025).
[2] "Title IV-D is a part of the Social Security Act that sets forth certain requirements the States must follow with respect to child support collection and enforcement in order to receive federal

1

On February 28, 2025, Hansen filed an Affidavit of Fact and Federal Tort Claim Notice. Doc. 4. In this filing, Hansen realleges claims made in his Complaint but added fraud and RICO claims, as well as a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Id. Hansen also attached a United States Postal Service Certified Mail Receipt addressed to Wetz. Doc. 4-1 at 2. Hansen alleges that this receipt proves Wetz was served. Id. at 1.

Hansen moved for entry of default on March 10, 2025. Doc. 5. The next day, the Clerk of Court denied Hansen's motion stating that his attempted service was improper. Doc. 6. Hansen then moved to set aside the clerk's denial of default maintaining that he properly served Wetz. Doc. 7.

On March 21, 2025, Wetz moved to dismiss Hansen's Complaint under the Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Doc. 9. He argues that Hansen failed to state a claim upon which relief can be granted. Doc. 10 at 2. Wetz also contends that the Eleventh Amendment bars Hansen's claims. Id. at 2–3. Lastly, Wetz asserts that Hansen failed to properly serve him. Id. at 3.

Hansen later filed a notice stating that Wetz had five days to initiate settlement discussions otherwise he would secure a lien against him. Doc. 11 at 3. Wetz moved to strike the notice. Docs. 12, 13. Hansen opposes Wetz's motion and, in response, asserted a "counterclaim" for abuse of process, fraud upon the court, and commercial interference. Doc. 14 at 3. Wetz replied that Hansen's claims should be dismissed because they are based on "sovereign citizen ideology and principles." Doc. 15 at 1 (collecting cases stating that sovereign citizen claims are frivolous and should be dismissed).

---

funding." Baylor v. Eto, No. 19-CV-442, 2019 WL 3470798, at *8 (D. Minn. May 30, 2019), R&R adopted, 2019 WL 3456841 (D. Minn. July 31, 2019); see 42 U.S.C. §§ 651, 654.

## II.  Legal Standard

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

On a motion to dismiss under Rule 12(b)(6), "[c]ourts must accept the plaintiff's factual allegations as true" and construe all reasonable inferences in the plaintiff's favor "but need not accept a plaintiff's legal conclusions." Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012) (citing Ashcroft, 556 U.S. at 678). When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (citation modified).

"Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." Shaw v. Kaemingk, No. 17-CV-04116, 2018 WL 3682502, at *2 (D.S.D. Aug. 2, 2018) (citation modified). "Nonetheless, a pro se complaint

3

must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). "Although a pro se complaint need not contain detailed factual allegations, it must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). The court need not "supply additional facts, nor will [it] construct a legal theory . . . that assumes facts that have not been pleaded." Id. (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). The court may dismiss a pro se complaint that lacks these bare essentials. Id. (citing Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985)).

As the moving party under Rule 12(b)(6), Wetz bears the burden of proving that no claim exists. See 5B Wright & Miller, Federal Practice and Procedure § 1357 (4th ed.), Westlaw (section updated May 20, 2025).

### III.  Discussion

#### A. Hansen's Motion to Set Aside Clerk's Denial of Default

Hansen alleges that he properly served Wetz by certified mail and Wetz failed to timely respond. Doc. 7 at 1–2. Hansen thus maintains that the Clerk of Court should have entered default against Wetz. Id. at 5. Wetz, on the other hand, contends that Hansen failed to properly serve him because "[n]o return of service or executed admission of service has been filed." Doc. 10 at 3.

The Federal Rules of Civil Procedure do not allow for service of process of an individual within the United States by certified mail. Fed. R. Civ. P. 4(e). That said, Rule 4(e)(1) allows for service in accordance with the law of the "state where the district court is located or where service is made." Here, in both scenarios, that state is South Dakota. Because Hansen asserts

4

that he properly served Wetz by certified mail, his service is proper only if it is valid under South Dakota law.

Generally, under South Dakota law, "service of process is made by delivering a copy of the summons to the defendant personally." Rush v. Rush, 866 N.W.2d 556, 559 (S.D. 2015). But notwithstanding any other provision of South Dakota law, "[a] summons is properly served upon a defendant in any action by mailing a copy of the summons and two copies of the notice and admission of service, assuming a copy of the admission of service is signed and returned by the party being served,"[3] Parsley v. Parsley, 734 N.W.2d 813, 819 (S.D. 2007) (citing SDCL § 15-6-4(i)). Along with the summons and two copies of the notice and admission of service form, the mailing must include "a return envelope, postage prepaid, addressed to the sender." SDCL § 15-6-4(i).

Service, however, is not completed upon mailing. See Rush, 866 N.W.2d at 560 ("Simply placing the summons and complaint in the mail under SDCL [§] 15-6-4(i) does not notify or warn a defendant of proceedings against him."). Under the statute, "if the defendant does not sign [and return] the admission of service within 20 days of mailing, the plaintiff must secure personal service." Id.; see also SDCL § 15-6-4(i) ("The notice and admission of service shall set forth that the failure to sign and return the admission of service within twenty days after the date of mailing without good cause will result in the court ordering the person so served to

---

[3] In reality, this rule does not so much allow service by mail, as much as it utilizes the postal system to facilitate waiver of personal service. Under both federal rules and South Dakota law, "[a] defendant may admit service of the summons and complaint rather than requiring the plaintiff to effectuate personal service." Larson Mfg. v. W. Showcase Homes, Inc., No. 4:16-cv-4118, 2019 WL 1866326, at *3 (D.S.D. Apr. 25, 2019). But a defendant need not waive personal service, and "service [by mail] is not perfected until the defendant signs [and returns] the admission of service" form. Rush, 866 N.W.2d at 560.

5

pay the costs of *personal service*." (emphasis added)). "The practical effect of this requirement is that service is not perfected until the defendant signs the admission of service or is personally served." Rush, 866 N.W.2d at 560; Gibbons v. Pilcher, No. 12-5053, 2013 WL 4647502, at *11 (D.S.D. Aug. 29, 2013) ("If the defendant does not sign the [notice and admission of service form] and send the executed document back to the plaintiff, then the plaintiff must proceed to personally serve the defendant." (citing Fed. R. Civ. P. 4(d); SDCL § 15-6-4(i)).

Hansen failed to properly serve Wetz under South Dakota law. His Motion for Entry of Default only includes a certified mail return receipt as evidence of service. Doc. 5-1. Hansen has not produced an admission of service signed by Wetz. And he does not contend that he served Wetz personally. For this reason, the Clerk of Court properly denied Hansen's motion for default.[4] Thus, Hansen's Motion to Set Aside Clerk's Denial of Default, Doc. 7, is denied.

### B. Wetz's Motion to Dismiss

Hansen's key contention in his Complaint is that "Wetz Circumvented the Constitution to Profit from IV-D." Doc. 1 at 3. Hansen also alleges that South Dakota's and the United States's laws governing child support do not apply to him. See id. at 4–5 (alleging that God did not create laws governing child support and thus they do not apply to him). For these reasons, Hansen seeks an order terminating his child-support payments, removing negative credit reports allegedly submitted in an effort to enforce such child-support payments, refunding child-support payments he has already made, including interest, and awarding him $10,000,000.00. Id. at 12.

---

[4] As the Clerk of Court stated, Hansen's attempted service also fails because he filed suit against Wetz, "a state officer, employee or agent arising out of his office, employment or agency" without mailing "a copy of the summons and complaint . . . to the attorney general together with an admission of service and a return envelope, postage prepaid, addressed to the send[er]." Doc. 6 at 2 (quoting SDCL § 15-6-4(d)(6)).

Hansen's Complaint must be dismissed for three reasons. First, Hansen's claims are "commonly known as . . . 'sovereign citizen' claim[s]," which are "based on the idea that statutes and laws do not apply [to] him as a sovereign citizen." King v. Turnbull, No. 21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021). "The Eighth Circuit has repeatedly rejected . . . 'sovereign citizen' claim[s] as frivolous." Meyer v. Pfeifle, No. 18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), aff'd, 790 F. App'x 843 (8th Cir. 2020)); see United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (stating that sovereign citizen arguments are "completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion").

Second, Hansen requests that this Court review and terminate his state-court ordered child-support obligation. Doc. 1 at 11. "The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments." Dietz v. Dep't of Soc. Servs. Child Support, No. 23-CV-04114, 2024 WL 1882165, at *3 (D.S.D. Apr. 30, 2024) (quoting Skit Intern., Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1156 (8th Cir. 2007)), appeal dismissed sub nom., Dietz v. Dep't of Soc. Servs., 2024 WL 5319097 (8th Cir. July 15, 2024); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923). "The Rooker-Feldman doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions. Litigants may not pursue federal claims with allegations that are inextricably intertwined with a state court decision." Prince v. Ark. Bd. of Exam'rs in Psych., 380 F.3d 337, 340 (8th Cir. 2004) (citation modified). Because Hansen seeks the review of his state-court ordered child support, his claims are barred by the Rooker-Feldman doctrine.

Third, courts have consistently dismissed nearly identical constitutional attacks on child support.[5] See, e.g., Dietz, 2024 WL 1882165; Troy of Fam. Carslake v. Dep't of Child Support Servs., No. 18-CV-06176, 2019 WL 2142036 (N.D. Cal. May 16, 2019). And "no decision has [ever] rendered state-ordered child support unconstitutional." Dietz, 2024 WL 1882165, at *7.

For the three reasons above, Hansen's claims are frivolous and fail to state a claim. Thus, Wetz's Motion to Dismiss is granted.[6]

### C. Hansen's Motions to Amend

The Court liberally construes Hansen's Affidavit of Fact and Federal Tort Claim Notice, Doc. 4, and Hansen's "counterclaim," Doc. 14, as motions to amend his Complaint.

---

[5] For thoroughness, this Court will briefly address Hansen's claims. Hansen's First Amendment claims fail because courts have dismissed First Amendment challenges, like Hansen's, that assert that child support systems are a private business for profit. See e.g., Dietz, 2024 WL 1882165, at *12. Hansen's First Amendment claims also fail because he does not state how his religious rights were violated. Doc. 1 at 9. Hansen's Fourth Amendment challenge fails because "many courts have [held] that child support does not violate the right to privacy." Dietz, 2024 WL 1882165, at *6 (collecting cases supporting this proposition). Hansen's Fifth and Fourteenth Amendment due process claims allege only that someone "fail[ed] to issue orders requiring IV-D personnel to provide [him] with notice of the legal consequences arising from [his] involuntary association with . . . the IV-D program." Doc. 1 at 9. Hansen, however, does not state "who" failed to give orders or what legal consequences he should have been informed of. As a result, Hansen's due process claims fail. For this same reason, Hansen's Fifth Amendment right against self-incrimination claim fails as he only states that his right was violated because he was identified by a social security number. Id. at 10. Hansen does not state how any government actor, let alone Wetz, made him incriminate himself. Hansen also fails to state a Seventh Amendment claim. He states only that his right to a trial was violated because he was labeled as a non-custodial parent, which he maintains makes him "property" that "is not entitled to a trial by jury." Id. This threadbare allegation fails to state a claim. Hansen's Thirteenth Amendment claim fails because "courts have held that child support enforcement obligations are not the subject matter that the Thirteenth Amendment was designed to protect against." Dietz, 2024 WL 1882165, at *9 n.6 (collecting cases). Lastly, Hansen's equal protection claim under the Fourteenth Amendment fails because does not sufficiently state how he is treated differently from another class. See id. at *5.

[6] Because this Court concludes that Hansen's Complaint must be dismissed under Rule 12(b)(6), it need not address Wetz's additional argument for dismissal under Rule 12(b)(5).

Federal Rule of Civil Procedure 15(a)(1) allows plaintiffs to amend their complaint once "as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District of South Dakota Local Rule 15.1 states that a party wanting to amend its pleading "must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1.

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." Am. Fam. Mut. Ins. v. Hollander, 705 F.3d 339, 348 (8th Cir. 2013) (citation omitted). But a party has no "absolute right to amend their pleadings." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). Courts may deny leave to amend if there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). An amendment is futile when "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Cornelia I. Crowell GST Tr. v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008).

Hansen's attempted amendments are futile. They do no remedy the legal or factual deficiencies present in his original Complaint. See Docs. 4, 14. As a result, his amended

Complaint would not withstand a Rule 12(b)(6) motion to dismiss. Thus, Hansen is denied leave to amend.[7]

### D. Wetz's Motion to Strike

Because this Court dismissed Hansen's Complaint and denied his proposed amendments, Wetz's Motion to Strike, Doc. 12, is denied as moot.

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that Hansen's Motion to Set Aside Clerk's Denial of Default, Doc. 7, is denied. It is further

ORDERED that Wetz's Motion to Dismiss, Doc. 9, is granted. It is further

ORDERED that Hansen's motions to amend, Docs. 4, 14, are denied. It is further

ORDERED that Hansen's Complaint, Doc. 1, is dismissed with prejudice. It is finally

ORDERED that Wetz's Motion to Strike, Doc. 12, is denied as moot.

DATED this 25th day of June, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[7] Hansen's amendment also fails because he did not comply with this District's Local Rules. Hansen failed to attach "a copy of the proposed amended pleading to [his] motion to amend with the proposed changes highlighted or underlined." D.S.D. Civ. LR 15.1.